NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE HERNANDEZ-LOPEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-3428

Agency No.
A077-119-099

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024[**]
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

Jose Hernandez-Lopez petitions for review of the order of the Board of

Immigration Appeals (BIA) denying his motion to reopen. Our jurisdiction is

governed by 8 U.S.C. § 1252.

The BIA did not abuse its discretion in denying Hernandez-Lopez's motion

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

to reopen because Hernandez-Lopez did not present material evidence of changed country conditions that was "not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii). The evidence he submitted with the motion to reopen (the 2022 Department of State Country Report on Human Rights Practices for Mexico and two articles) is not "qualitatively different" from his previous evidence, does not show a change in country conditions, and does not bear "individualized relevancy" to his claim. *Najmabadi v. Holder*, 597 F.3d 983, 987, 989 (9th Cir. 2010). Nor is Hernandez-Lopez entitled to equitable tolling, because he did not describe what circumstances "prevented [him] from obtaining vital information bearing on the existence of the claim . . . ."[1] *Perez-Camacho v. Garland*, 54 F.4th 597, 606 (9th Cir. 2022) (citation and internal quotation marks omitted).

Finally, Hernandez-Lopez's argument that exceptional circumstances warrant reopening pursuant to the BIA's sua sponte authority under 8 C.F.R. § 1003.2(a) raises discretionary rather than legal issues. Therefore, we lack jurisdiction to review the agency's refusal to exercise its authority to reopen the proceedings. *See Lona v. Barr*, 958 F.3d 1225, 1232–35 (9th Cir. 2020). We deny as moot Hernandez-Lopez's motion for a stay of removal.

---

[1] Any error by the BIA in failing to address Hernandez-Lopez's equitable tolling claim was thus harmless. *Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021).

23-3428

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**